## SHUG MᶜNARY v. THE STATE.

### No. 454. Decided April 6, 1910.

**Local Option—Charge of Court—Sale—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, there was some conflict in the evidence whether the defendant intended to sell the alleged whisky, and the court fairly presented said issue to the jury, there was no error.

Appeal from the County Court of Tyler. Tried below before the Hon. A. G. Reid.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Joe W. Thomas* for appellant.—Cited Smith v. State, 55 Texas Crim. Rep., 563, 117 S. W. Rep., 966.

On question as to whether the parties intended the sale: Stallworth v. State, 16 Texas Crim. App., 345; Holley v. State, 14 Texas Crim. App., 505; Bottoms v. State, 73 S. W. Rep., 16; Harris v. State, 86 S. W. Rep., 763.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—This is an appeal from a conviction for violating the local option law with a penalty of twenty-five dollars and twenty days confinement in the county jail.

It may be stated that the violation is alleged to have occurred before the Act of the Thirty-first Legislature, making it a penitentiary offense to sell intoxicating liquors in local option territory. No question was raised as to the penalty. The facts show that the State's witness, Alex Porteaus lived at Doucette, in Tyler County, Texas; that the witness was working at Thompson Brothers' Lumber Company, and he, the witness, says that on the first day of April, 1909, the appellant walked up to where he was at the planer, set down a bottle of banana brandy and a bottle of whisky; that he, the witness, picked up the banana brandy and gave to the appellant one of Thomson Brothers' time checks, which entitled the holder to buy a dollar's worth of goods at Thomson Brothers' commissary, and that at the time he handed him the check he, witness, said, "That is all I have;" that appellant an-

swered: "That is all right," and that the appellant walked off leaving the bottle of whisky there, and after appellant walked off he, witness, picked up the bottle of whisky and appropriated it and drank it. On cross-examination he states that the banana brandy was not intoxicating. He says he never paid the appellant anything for the bottle of whisky; that the appellant never asked him any pay for the whisky. This was the State's witness. The appellant testified that he lived in Angelina County, Texas, at Tiboll, and that he went down to Thompson Brothers' mill; that he purchased a bottle of banana brandy and a bottle of whisky; that he sold to the witness Porteaus a bottle of brandy and that he gave him a bottle of whisky and that the witness had already paid him for the brandy before he gave him the whisky; that the whisky that he gave the appellant sold at a dollar a quart; that the brandy was not intoxicating; that he did not intend to sell and did not sell a bottle of whisky. Upon cross-examination the witness testified that he went down to the mill where the witness Porteaus was on the first of April, 1909, and that he carried the bottle of banana brandy and the bottle of whisky and that he sold the brandy for $1 and that the defendant gave him the bottle of whisky; that the brandy cost $1.25 per quart and the whisky sold at $1 per quart. He further said he did not intend to sell the whisky; that he gave him the whisky; that he got the brandy and whisky from one Chancellor, who ran a saloon, and got both of them at the same time. The testimony further showed that local option was in force in Tyler County.

Appellant asked the following special charge which was by the court refused: "Gentlemen of the jury, you are instructed by the court that a sale is the meeting of two minds upon the same subject matter for a consideration agreed to by them both and the question of sale is controlled by the intention of the parties in this case; and you must find in this case that defendant intended to sell A. Porteaus the whisky and the said Porteaus bought the same with the intent at the time to buy the bottle of whisky, before you can convict, and unless you do believe that was the intent and the sale made you will find defendant not guilty." At the instance of the defendant the following special charge was given by the court: "Gentlemen of the jury, you are charged by the court that a sale is a contract where the absolute property of the subject of sale is transferred from the seller to the buyer, based upon a consideration of value; the essentials of a sale are: a mutual agreement or meeting of the minds of two or more parties based upon a valuable consideration and the transfer from the seller to the buyer of the property. And you are charged in this case that there must have been a meeting of the minds of defendant and prosecuting witness, A. Porteaus, whereby said defendant offered to the said Porteaus intoxicating liquor at a price of some value and the said A. Porteaus accepting the same for such price whereby there was a delivery of the said intoxicating liquor, and if you have a reasonable doubt that there was a sale you will acquit the defendant."

Appellant claims that the case should be reversed because of the error of the court in not giving the charge above set out. We are of opinion that the charge given by the court covered every issue made by the testimony and that the court did not err in refusing to give charge No. 2 as requested. It was a question of fact for the jury to determine whether it was intended to sell the whisky or not. This issue was fairly presented by the special charge requested and given and the jury having found adversely to the appellant's contention that he did not sell, nor did he intend to sell the whisky, we would not be authorized to disturb the verdict of the jury.

Finding no error in the record, the judgment is in all things affirmed.

*Affirmed.*